UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>v.<br><br>JOHN CRUZ and PIP PERSONAL IDENTITY PROTECTION LLC,<br><br>                Defendants. | Civil Action No. 1:24-cv-00933 |

**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff Allstate Insurance Company ("Allstate"), through its attorneys, respectfully moves this Court for an order allowing Allstate to conduct limited, expedited discovery on issues raised in Allstate's Complaint, and for an order directing Defendants John Cruz ("Cruz") and PIP Personal Identity Protection LLC ("PIP") (collectively "Defendants") to preserve evidence. In support of this Motion, Allstate states as follow:

**I.      INTRODUCTION**

On April 5, 2024, Allstate filed its Complaint for Injunctive Relief and Damages ("Complaint") against Defendants. The Complaint seeks relief for defendants' false and defamatory statements about Allstate and deceptive business practices under the Colorado Consumer Protection Act ("CCPA"). Following the conclusion of his unsuccessful counterclaims against Allstate in prior litigation, Defendant Cruz has now started a targeted smear campaign that claims Allstate sells its customers' sensitive personal information in exchange for gift cards. Cruz is making these statements for a commercial purpose: *i.e.*, to sell insurance coverage via LegalShield.

On two websites, at least four social media accounts, and two news outlets, Cruz has repeatedly claimed that Allstate sells its customers' personal information in exchange for gift cards and has implied that Allstate is complicit in human trafficking, sex trafficking, and rape. These statements are false and defamatory per se, and harmful to Allstate's brand and reputation.

This smear campaign left Allstate no choice but to file suit. In concurrence with this motion, Allstate has also filed a Motion for Temporary Restraining Order and Preliminary Injunction seeking to remove Defendants' defamatory statements and to enjoin Defendants from making any further publications about Allstate. Although Allstate has investigated where Defendants' published their defamatory statements, Allstate is concerned that Defendants have additionally published—or sought to publish—these statements elsewhere. **In light of Defendants' crusade to tarnish Allstate's reputation by whatever means necessary, and their refusal to cooperate with Allstate in removing these statements, Allstate has substantial reason to believe Defendants have published other defamatory statements that Allstate is not presently aware of. Expedited discovery is therefore required to determine whether such defamatory statements exist, and to require their immediate removal.**

Accordingly, Allstate now seeks leave of Court to conduct expedited discovery prior to the parties' Rule 26(f) conference, and an order to preserve all evidence in Cruz's possession, custody, and control. This expedited discovery will allow Allstate to locate all defamatory statements published by Defendants, identify the harm Defendants caused (and are causing) Allstate's business, and seek a preliminary and permanent injunction order requiring Defendants to remove these defamatory statements and cease further publication. Expedited discovery is necessary for Allstate to fully present the merits of its claim to this Court at a hearing for the

entry of a preliminary and/or permanent injunction—which Allstate intends to pursue at the conclusion of expedited discovery.

## II. BACKGROUND

### a. Allstate's Previous Litigation with Cruz

Cruz is a former Allstate agent who sold Allstate products from 2011 to 2020. After an internal investigation revealed that Cruz repeatedly violated his Exclusive Agency Agreement ("Agreement"), Allstate terminated Cruz's Agreement and its relationship with Cruz. Following the termination, Cruz continued to violate the surviving terms of the Agreement, including by soliciting business from Allstate customers. Given that Cruz's behavior was a blatant violation of the Agreement, Allstate filed suit against Cruz for breach of the Agreement and misappropriation of trade secrets on October 20, 2020 in the United States District Court for the District of Colorado. *Allstate Insurance Company v. John Cruz*, Civil Action No. 1:20-cv-03139-NYW-MEH (D. Colo., Oct. 20, 2020) (the "First Action"). Several months later, Cruz filed six counterclaims against Allstate. To support his meritless and ultimately unsuccessful counterclaims, Cruz made several false statements against Allstate, including that Allstate sold personal customer information to third parties.

During the course of the First Action, the parties engaged in discovery, including written discovery and depositions. To facilitate the discovery process, the Court entered a Protective Order. Paragraph 6 of the Protective Order prohibits the public disclosure of confidential information without written agreement. Paragraph 9 of the Protective Order requires the return or destruction of Confidential Information upon the conclusion of the Case.

Throughout the course of discovery, Allstate marked several documents and deposition transcripts Confidential pursuant to the terms of the Protective Order, including the deposition

3

transcripts of "Buyer Depot," Richard Poduska, Elise Teague, Erika Lousberg, Jodi Lynch, Dino DiCarlo, and Rebecca Martens. While Allstate provided clear evidence of Cruz's misconduct, Cruz did not produce a single piece of evidence in support of his claims. Both parties moved for summary judgment on Allstate's breach of contract claims and all of Cruz's counterclaims.

On September 20, 2023, Judge Nina Wang granted Allstate's motion for summary judgment on all of Cruz's counterclaims, denied Cruz's request for summary judgment on those counts, and granted Allstate's motion for summary judgment on its breach of contract claim as to liability. (First Action, Dkt. 236). Of note, the Court highlighted Cruz's failure to produce any evidence in support of his counterclaims, stating that Cruz's claims relied "on conclusory and self-serving statements and failed to address Allstate's arguments or make the showings required by applicable law." (*Id.*)

On March 5, 2024, during a status conference with the Court, Cruz represented that he was willing to dismiss his claims. The parties ultimately agreed to stipulate to a dismissal of all claims with prejudice. Accordingly, on March 5, the Court dismissed all claims with prejudice and terminated the First Action. The Court also stated on the record that the only comment that either Cruz or Allstate could make about the First Action was that the parties "resolved [their] differences and [] agreed to [] dismiss the case." (First Action, Dkt. 271).

### b.  Cruz is defaming Allstate.

Rather than move forward from the parties' dispute, Cruz decided to take matters into his own hands and engage in a smear campaign designed to spread lies about Allstate and tarnish its reputation. Cruz formed PIP Personal Identity Protection, LLC (the "LLC") to spread his lies. As described more fully in Allstate's Complaint and Motion for Temporary Restraining Order, Cruz

4

uses his LLC to perpetuate the unsubstantiated allegations—that Allstate sells customers' personal and sensitive information—he made against Allstate in the First Action.

Allstate first learned of Cruz's actions in late March 2024, when Allstate discovered two of Cruz's websites: www.savemepip.com and www.pip-personalidentityprotection.com (the "websites"). Through these websites, Cruz spreads lies about Allstate to an unknown, and virtually unlimited, number of people. The websites include false statements that Allstate sells its customers' personal and sensitive information and is involved in human trafficking and rape. The website also posts Allstate's confidential information from the First Action.

In investigating these websites, Allstate learned that Cruz posted additional defamatory statements on various social media sites. To date, Allstate is aware of Cruz spreading his defamatory messages on LinkedIn, Instagram, Facebook, and YouTube. Specifically, Allstate has uncovered at least eight defamatory posts on LinkedIn, three posts on Facebook, four posts on Instagram, and one video on YouTube in which Cruz explicitly mentions Allstate and numerous others that provide hyperlinks to the Websites. Each of these posts occurred in under two months – since February 2024.  Allstate has substantial reason to believe that more defamatory posts exist.

As if this was not already enough, Cruz also began advertising his defamatory website on cable news networks and popular news websites. Specifically, Cruz purchased ad slots through local affiliates for linear programming on CNN and MSNBC, as well as advertising on CNN's website. Allstate's investigation revealed that Cruz purchased these slots through Coventry First LLC. Allstate has substantial reason to believe that Cruz engaged in other efforts to advertise his defamatory statements, and that some of these efforts may have been successful.

### c. Allstate seeks judicial relief.

Allstate originally contacted Cruz about the defamatory statements and publication of confidential information, but he did not respond. This left Allstate with no other option but to seek judicial relief. On April 29, Allstate filed its Motion to Reopen Case and Issue Rule to Show Cause in the First Action. (ECF No. 274). This Motion asks the Court to reopen the First Action and issue an order requiring Cruz to show why he should not be held in contempt of court for violating the protective order and enjoining Cruz from publishing false statements and confidential information. (*Id*.). It remains pending in the First Action.

Cruz eventually responded to Allstate on April 3. (*See* Exhibit 1). In his response, Cruz denied that he had any obligations under the protective order. In fact, he stated that "the public can use this information however they see fit" and that there are "many outside sources…wanting complete knowledge of the situation…" Based on these representations, Allstate is substantially concerned that Cruz is disseminating its confidential information and otherwise publishing defamatory statements about Allstate to a wide-range audience. Further, Cruz indicated that he does not intend to remove the defamatory statements or otherwise cease publication. This gave Allstate substantial reason to belief that Cruz (1) has published other defamatory statements that Allstate is not aware of, and (2) will continue to publish these statements absent court intervention.

Allstate is also concerned it will not be able to remove all defamatory statements before Cruz's potential incarceration. During the First Action, Allstate learned that Cruz is the defendant in a pending Boulder County criminal matter. Cruz was indicted on sixteen counts relating to forgery, theft, and fraud. Cruz's criminal trial is set to begin on April 29th. If Cruz is

convicted and ultimately incarcerated, it will be extremely difficult, if not impossible, to locate other defamatory statements and subsequently remove them from the public domain.

Accordingly, Allstate filed its Complaint and asked for injunctive and other relief on April 5. Allstate brought two claims against Cruz: (1) Defamation; and (2) Violation of the Colorado Consumer Protection Act, C.R.S. § 6-1-101, et seq. Allstate also filed a Motion to Issue Temporary Restraining Order, seeking to remove all defamatory statements and enjoin Cruz from making further statements. Allstate is hopeful that this Court will enter an order requiring Cruz to remove all defamatory statements identified in Allstate's Complaint and enjoining further publication of those statements. However, Allstate has reason to believe that (1) Cruz published and advertised his defamatory statements elsewhere; and (2) Cruz will continue to defame Allstate and advertise his statements.

Consequently, Allstate is now seeking expedited discovery to identify (1) all platforms on which Cruz published defamatory statements about Allstate, and (2) all attempts Cruz made to advertise these platforms or otherwise spread this defamatory message. This discovery will assist Allstate and this Court in ensuring that this Court's ruling will remove *all* of Cruz's defamatory statements, not just those that Allstate has identified through a reasonable investigation to date.

### III.   ARGUMENT

Rule 26(d) of the Federal Rules of Civil Procedure authorizes this Court to enter an Order permitting expedited discovery upon a showing of good cause. *Pod-Ners, LLC v. N. Feed & Bean of Lucrene Liab. Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002). Good cause may exist when the plaintiff seeks a preliminary injunction, and the requested discovery is "narrowly tailored and proportional to the needs of the preliminary injunction hearing." *SBS Franchising, LC v. Smith*, 2019 WL 13201521, at *2 (D. Colo. July 3, 2019).

In determining whether good cause exists, the Court considers a variety of factors, including: "(1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of the irreparable injury; (4) some evidence that the injury will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted; (5) whether the request is narrowly tailored given the time constraints; and (6) whether the movant could have avoided such restraints by acting prior to the request." *Lindsey & Osborne P'ship, L.P. v. Day & Zimmerman, Inc.*, 2008 WL 2858786, at *2 (D. Kan. July 22, 2008) (citing *Don King Productions, Inc. v. Hopkins*, 2004 WL 2997800, at *2 (S.D.N.Y. Dec. 23, 2004)).

Good cause exists to permit limited expedited discovery, and Allstate's request for expedited discovery is reasonable. The discovery Allstate seeks is limited. Allstate seeks response to nine interrogatories, nine production requests, leave to issue three third party subpoenas, and to depose Cruz, all of which is narrowly targeted to uncover information about the extent to which Defendants published the defamatory statements about Allstate.

Allstate has substantial reason to believe that Defendants have disseminated these false statements through means other than those identified in the Complaint. Further, Allstate is concerned that Defendants have broadcasted or attempted to broadcast these statements on other platforms. Allstate also knows that Cruz failed to return or destroy all of Allstate's confidential information from the First Action and is presently using such information. Cruz's actions demonstrate his intent to continue to defame Allstate and otherwise publish its confidential information. Without expedited discovery—and the entry of a preliminary injunction—Allstate risks the continued publication of defamatory statements, which will cause further harm to Allstate's customer and employee relationships, reputation, and good will.

8

To be certain, Allstate is not requesting overly burdensome discovery; it seeks information narrowly tailored to the issues relevant to a potential preliminary injunction. *Clint Eastwood v. Sera Labs, Inc.*, 2020 WL 5440564, at *5 (C.D. Cal. July 28, 2020) (granting expedited discovery requests where "a preliminary injunction is pending" and "the discovery requests are properly tailored to preliminary questions."). Allstate's proposed discovery requests are narrowly tailored and designed to determine: (a) who Cruz published defamatory statements to; (b) where Cruz published his defamatory statements; and (c) the extent of Cruz's unlawful possession of Allstate's confidential information. (*See* Allstate's Proposed Expedited Discovery Requests, attached hereto as **Exhibit 2**). In total, Allstate merely seeks responses to nine interrogatories and nine requests for production. Allstate also seeks to depose Cruz about his publication of defamatory statements and issue third party subpoenas to the entities Allstate knows Cruz contacted about publication. Allstate's expedited discovery requests are, therefore, limited only to the issues and facts that need immediate attention for a preliminary injunction hearing. This discovery will allow the Court to be fully informed when deciding Allstate's forthcoming preliminary injunction and ensure that all defamatory statements are removed.

Allstate also seeks an order requiring Cruz to preserve all evidence relevant to the facts and circumstances alleged in the Complaint. This includes, but is not limited to, hard copy or electronic files of documents, computer files, hard drive data, ambient data, electronic mail messages, instant messages, contracts, invoices, files, correspondence and phone logs in Cruz's custody or control, or otherwise available to him, that concern or relate to the issues set forth in the Complaint. As set forth above, in the Complaint, and in the Motion for Preliminary Injunction, there are substantial grounds to believe that Cruz is continuing to disseminate and otherwise publish defamatory statements about Allstate. Preservation of evidence is thus essential to Allstate's ability to conduct

discovery and prove its case. An order of preservation is clearly warranted and would cause no harm to Cruz.

**WHEREFORE,** Plaintiff Allstate Insurance Company respectfully requests that this Court enter an Order granting the following relief:

1. Allowing Plaintiff Allstate Insurance Company to issue written discovery requests upon receipt of the Order;

2. Ordering Defendant Cruz to respond to Allstate's written discovery requests within five (5) calendar days of receipt thereof.

3. Allowing Plaintiff Allstate Insurance Company to issue subpoenas to Coventry First LLC, MSNBC, and CNN upon receipt of the Order.

4. Allowing Allstate to notice the deposition of Defendant Cruz upon the receipt of this Order.

5. Ordering Defendant Cruz to appear for a deposition within five (5) business days of receipt of this notice.

6. Ordering Defendant Cruz to preserve all evidence relevant to the facts and circumstances alleged in the Complaint.

**Dated:** April 10, 2024

/s/ J. Scott Humphrey
J. Scott Humphrey
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive
Suite 1600
Chicago, IL 60606-4637
Telephone: 312-212-4940
shumphrey@beneschlaw.com

*Counsel for Allstate Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that on April 10, 2024 and pursuant to Local Rule 65.1(a)(1), he caused a true and correct copy of the foregoing Plaintiff's Motion for Expedited Discovery, along with all corresponding documents to be presented to the Court at hearing to be served via e-mail and U.S. Mail upon the following:

PIP Personal Identity Protection LLC
1130 Francis St., Suite 7006
Longmont, CO 80501
sales@personalidentity.info

John Cruz
408 Widgeon Drive
Longmont, CO 80603
Jcruz369@gmail.com

/s/ J. Scott Humphrey
J. Scott Humphrey