**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 24-cv-00933-NYW-MEH

ALLSTATE INSURANCE COMPANY,

      Plaintiff,

v.

JOHN CRUZ, and
PIP PERSONAL IDENTITY PROTECTION, LLC,

      Defendants.

---

**ORDER**

---

This matter comes before the Court on Allstate's Motion for Entry of a Permanent Injunction (the "Motion for Permanent Injunction" or "Motion"), [Doc. 62, filed August 1, 2024], filed by Plaintiff Allstate Insurance Company ("Plaintiff" or "Allstate"). The Court ordered an expedited response by Defendant John Cruz ("Defendant Cruz" or "Mr. Cruz") based on Plaintiff's request for expedited consideration, [Doc. 63], but declines Plaintiff's request for an evidentiary hearing for the reasons discussed below. Upon review of the Parties' briefing, the entire docket, and the applicable case law, this Court respectfully **DENIES** the Motion for Permanent Injunction.

**BACKGROUND**

The Court has previously discussed the relevant factual background with respect to both this litigation ("*Cruz II*") and a prior lawsuit between the Parties arising out of Defendant Cruz's time as an Allstate exclusive agent ("*Cruz I*"). *See* [Doc. 29 at 1–4]. Briefly, Allstate filed this action against Mr. Cruz and PIP Personal Identity Protection,

LLC ("PIP" and, with Mr. Cruz, "Defendants")[1] to enjoin certain allegedly defamatory speech which accuses Allstate of selling customer personal information in exchange for gift cards in a way that furthers child sex trafficking and identity theft.  See [id. at 3–10].  The Complaint, which demands a jury trial, includes one claim for defamation and one claim under the Colorado Consumer Protection Act.  See [Doc. 1 at ¶¶ 71–89].  Allstate sought, and this Court denied, a temporary restraining order.  See [Doc. 29 at 12–18].  The Court reasoned that defamation could not be preliminarily enjoined without raising First Amendment concerns unaddressed by Allstate and that injunctive relief was unavailable under the Colorado Consumer Protection Act.  See [id.].

Allstate has now filed the Motion for Permanent Injunction, which seeks relief solely on Allstate's defamation claim.  [Doc. 62 at 10].  Specifically, Allstate seeks an order "(1) directing Defendants to remove the defamatory statements published by Defendants on their websites, and (2) enjoining Defendants from publishing those statements elsewhere."  [Id. at 6].  The Motion also "requests an expedited evidentiary hearing on factual issues related to this Motion on or before August 16, 2024."  [Id.].  The Court ordered a response from Mr. Cruz on or before August 8, 2024.  [Doc. 63].  On August 14, 2024, Mr. Cruz filed a Statement of Opposition premised on (1) his inability to open certain files sent by Allstate in connection with the Motion, (2) his non-receipt of other files related to the Motion.[2]  [Doc. 71 at 1].  The Court now addresses the Motion

---

[1] Allstate served PIP on May 16, 2024, [Doc. 49], but PIP did not timely respond to the Complaint.  In the Motion for Permanent Injunction, Allstate represents that it intends to seek a default judgment against PIP.  [Doc. 62 at 6 n.1].  No default has been entered against PIP as of this Order.

[2] To the extent that Mr. Cruz seeks additional time to respond to the Motion for Permanent Injunction, [Doc. 71 at 1], the request is **DENIED as moot** based on the denial of the Motion for Permanent Injunction.

notwithstanding the lack of a substantive response in light of the Motion's exigency and the Court's prior Order covering the same issues.  *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

## LEGAL STANDARDS

### I.     Enjoining Defamation

"In Colorado, the elements of a cause of action for defamation are:  (1) a defamatory statement concerning another; (2) published to a third party; (3) with fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special damages or the existence of special damages to the plaintiff caused by the publication."  *Williams v. Dist. Ct.*, 866 P.2d 908, 911 n.4 (Colo. 1993).  While damages are a commonplace remedy in a defamation case, *see Sunward Corp. v. Dun & Bradstreet, Inc.*, 811 F.2d 511, 532 n.22 (10th Cir. 1987), courts that are asked to *enjoin* alleged defamation typically display caution.  In *Banks v. Jackson*, for example, a court in this District denied a preliminary injunction against allegedly defamatory online speech, noting that "a prior restraint of alleged defamation violates the traditional rule that equity does not enjoin a libel or slander and that the only remedy for defamation is an action for damage."  No. 20-cv-02074-DDD-KMT, 2020 WL 6870739, at *1 (D. Colo. Oct. 2, 2020) (quotation omitted).  Although the *Banks* court recognized that enjoining defamation was occasionally permissible under the "modern" approach to such requests, it explained that preliminary relief would be particularly inappropriate:

> [A] *preliminary* prior restraint, which is at issue here, is, in fact, something the court cannot do.  Under modern case law, an injunction of defamation is permissible only if it is (1) "narrowly tailored," (2) "based upon a continuing course of repetitive speech," and (3) "granted only after a final adjudication on the merits that the speech is unprotected."  *Auburn Police Union v. Carpenter*, 8 F.3d 886, 903 (1st Cir. 1993).  That last requirement— that a prior-restraint injunction is only permissible "after final adjudication on

the merits"—is ultimately what sinks [p]laintiffs' motion in this case. Plaintiffs ask the court to enjoin [defendant] from speaking about them (which is certainly not a narrowly-tailored request) *before* a jury has determined that [defendant's] comments were in fact false and defamatory.

*Id.* at *2 (some citations omitted); *see also Wagner Equip. Co. v. Wood*, 893 F. Supp. 2d 1157, 1160 (D.N.M. 2012) (comparing traditional and modern approaches to enjoining defamatory speech).

The courts that permit injunctive relief with respect to defamation under the modern approach tend to distinguish "requests for preventive relief prior to trial," which cannot be indulged, from permissible "post-trial remedies to prevent repetition of statements judicially determined to be defamatory." *Balboa Island Vill. Inn, Inc. v. Lemen*, 156 P.3d 339, 350 (Cal. 2007); *see also* 42 Am. Jur. 2d Injunctions § 97. "[C]ourts repeatedly have concluded that, once a judge or jury has made a final determination that the speech at issue is defamatory, an injunction prohibiting the defendant from repeating the defamatory speech does not constitute a prohibited prior restraint on speech." *Wagner Equip. Co.*, 893 F. Supp. 2d at 1161 (collecting cases); *see also Organovo Holdings, Inc. v. Dimitrov*, 162 A.3d 102, 124–25 (Del. Ch. 2017) (referencing the "longstanding public policy against judges censoring speech and the equally longstanding preference for juries addressing defamation claims").

## II. Pro Se Litigants

Mr. Cruz proceeds pro se. *See* [Doc. 17; Doc. 28]. Accordingly, the Court affords his filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Mr. Cruz as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d

1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227,

1236 (D. Colo. 2012).

## ANALYSIS

### I.      Permanent Injunction

The Court previously denied Plaintiff's request for preliminary injunctive relief

because no final determination that the statements at issue were defamatory had been

made.  Specifically, the Court explained:

> The Court must . . . reject Plaintiff's contention that Defendants'
> statements were judicially proven false once Mr. Cruz's counterclaims in
> *Cruz I* were subject to summary judgment in Allstate's favor.  *See* [Doc. 8
> at 13].  That is because Plaintiff provides no authority for the proposition
> that the failure to muster sufficient evidence or argument in support of a
> legal claim in an earlier case necessarily means that a subsequent
> statement on a related subject has been judicially adjudicated false for
> purposes of a later case.  *See generally* [*id.*].  And to the extent that some
> of the authorities cited above contemplate a judicial officer determining
> falsity for purposes of enjoining defamation, the Court notes that the
> Complaint in this case is labeled "JURY TRIAL DEMAND" and, in it, Allstate
> "demands a jury trial on all issues triable as of right to a jury."  [Doc. 1 at 1,
> 32].
>      However outlandish certain of the claims made by Defendants may
> seem, no determination of defamation has been made.  *See Banks*, 2020
> WL 6870739, at *2.  That renders a temporary restraining order or
> preliminary injunction improper.  For that reason, the relief sought in the
> Motion for TRO cannot proceed via the defamation claim.

[Doc. 29 at 14–15].

Now, following some discovery, Allstate seeks a permanent injunction.  In its

Motion, Allstate argues the various elements of its defamation claim against Mr. Cruz,

and then requests that this Court "hold an evidentiary hearing on this Motion, which will

result in a final adjudication on the merits of Allstate's defamation claim."  [Doc. 62 at 21].

True, "[u]nder the modern rule, once a judge or jury has made a final determination that

the speech at issue is defamatory, the speech determined to be false may be enjoined."

*Hill v. Petrotech Res. Corp.*, 325 S.W.3d 302, 308 (Ky. 2010).  However, Allstate does not explain how an evidentiary hearing could lead to any sort of "final adjudication on the merits" of its defamation claim.  Allstate's authority is inapposite because it does not concern defamation.  *See New Mexico ex rel. Balderas v. Real Est. L. Ctr., P.C.*, 401 F. Supp. 3d 1229, 1347 (D.N.M. 2019).  Even if the Court viewed Allstate's position as an implicit withdrawal of its jury trial demand, Allstate does not address the fact that Mr. Cruz has filed an Answer which clearly demands a jury trial on all issues so triable.  *See* [Doc. 60 at 4].  Indeed, Allstate seems to acknowledge that a jury trial is required before defamation may be finally determined such that prospective injunctive relief may be entered.  *See* [Doc. 62 at 21].  To the extent that Allstate implies that no material disputed facts require a jury trial, the proper vehicle would be a motion for summary judgment under Rule 56, not an evidentiary hearing.

The Motion therefore does not address the Court's grounds for denying Allstate's previous request.  Without a final adjudication as to whether Defendants have defamed Plaintiff, injunctive relief remains inappropriate.  *See Hill*, 325 S.W.3d at 311 ("Upon application of the modern rule as described above to the circumstances of the present case, we need go no further than to note that the speech alleged to be false and defamatory . . . has not been finally adjudicated to be, in fact, false.").  The Motion is respectfully **DENIED**.

## II.    Password-Protected Exhibits

Allstate conventionally filed three password-protected flash drives containing video exhibits in support of its Motion for Permanent Injunction.  [Doc. 64; Doc. 70].  Counsel separately called this Court to provide the password to access the drives.  Because the

flash drives were password-protected, this Court entered a Minute Order directing Allstate to seek any appropriate restriction of these exhibits by August 15, 2024.  [Doc. 67].  In response, Allstate filed a Statement of Non-Opposition, explaining that it "encrypted each USB drive for the sole purpose of maintaining their security during transmission," but "Allstate does not object to any of these exhibits being filed on the public docket."  [Doc. 69 at 1].  Accordingly, to facilitate public access, the Court will publish the password—Benesch2024!—in this Order and direct the Clerk of Court to amend the conventionally filed entries to include the password.  In the future, the Parties are **DIRECTED** to refrain from submitting password-protected flash drives or documents to this Court.  *See* D.C.COLO.LCivR 7.2 (discussing proper procedure for restricting public access to filings).

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1)     Allstate's Motion for Entry of a Permanent Injunction [Doc. 62] is **DENIED**;

(2)     The Clerk of Court is **DIRECTED** to amend the docket entries and envelopes associated with the conventionally filed flash drives [Doc. 64; Doc. 70] to reflect the password—**Benesch2024!**; and

(3)     The Clerk of Court is **DIRECTED** to mail a copy of this Order to:

John Cruz
4888 Preserve Place
Firestone, CO 80504


DATED: August 22, 2024                          BY THE COURT:

_____
Nina Y. Wang
United States District Judge